MARÍA DE LA ENCARNACIÓN GORBEA, Plaintiff and Appellee, *v.* JOSÉ RAMÓN LÁTIMER, Defendant and Appellant.

No. 3561. Argued April 17, 1925.—Decided April 28, 1925.

1. DIVORCE—GUILTY SPOUSE—RELATIONS WITH CHILDREN.—When a divorce is decreed the regulation of the family relations between the guilty spouse and the children lies in the sound discretion of the trial court and its determination will not be modified on appeal unless an abuse of discretion is shown.

First District Court of San Juan, Charles E. Foote, J. Order regulating family relations between the guilty spouse and the children after divorce. *Affirmed.*

*Mariano Acosta Velarde* for the appellant. *Rafael Rivera Zayas* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Judgment having been rendered dissolving the marriage bonds between J. R. Látimer and María de la Encarnación Gorbea, the latter, who, as the innocent spouse, was given the *patria potestas* over the four young children, moved the court to regulate the relations between the father, the guilty spouse, and the children by fixing the hours from 4 to 6 p. m. on Mondays and Fridays as the time when the father could visit his children and take them out.

Both parties were heard and on December 30, 1924, the court ordered that the children "may be taken out of the plaintiff's house from 4 to 6 p. m. on Wednesdays and Saturdays." The defendant took the present appeal.

The appellant invokes section 175 of the Civil Code and

alleges that he has been deprived of a right which the law confers upon him, that is, to continue family relations with his children.

[1] It is true that after prescribing that in cases of divorce the minor children shall be placed under the *patria potestas* of the party who has obtained the decree the said section adds that "the other spouse shall have the right to continue family relations with his or her children."

The order of the court does not ignore the appellant's right, but regulates it. To regulate is not to forbid.

"The right of custody of children granted by a divorce decree does not deprive the other party of access to the children in the absence of an express provision to the contrary. The decree may include a provision permitting the parent deprived of their custody to visit the children under such restrictions as the circumstances may warrant, within the discretion of the court, which discretion should not be abused. The privilege of visitation is not an absolute right, but must yield to the good of the child, although even the guilty party is usually allowed this privilege unless morally unfit to associate with the child. Thus access has been given to an adulterous husband, but not ordinarily to an adulterous wife, at least while she continues her illicit relations with her paramour, although in some jurisdictions the court may give access in its discretion." 19 C. J. 348.

In the case of *Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457, cited in Corpus Juris, it was held that "the conditions under which the visits may be made, the time, place, and duration of them, the father's conduct during such visits, and the extent to which he may have the child in his custody are all proper subjects for regulation by the court."

In the case of *Edwards* v. *Edwards,* 23 Ky. L. 1051, 64 S. W. 726, it was held that interference with education of child should not be allowed under the privilege of access. And in *Miner* v. *Miner,* 11 Ill. 43, the holding was that an attempt to alienate child's affections may constitute contempt of court.

In the case of *Colorado* v. *Capella,* 18 P.R.R. 953, this court held clearly that "the determination of the extent of the family relations between a spouse against whom a divorce has been decreed and her children who have remained under the *patria potestas* of the other spouse lies within the sound discretion of the trial court and will not be modified by this court unless abuse in the exercise of such discretion is shown."

For an examination of the special facts of this particular case we have before us only the motion of the plaintiff and the defendant's answer. The motion presents a situation which clearly required regulation. Notwithstanding the decree of divorce and the placing of the children under the *patria potestas* of the mother, the father continued to interfere in such a manner by taking them out of the house day and night that it was impossible to follow any plan adopted by the mother for their education and care. On the other hand, the father claimed that the situation was distinct, as the divorce was decreed for abandonment, and alleges that the order of the court practically destroys his relations with his children, because he is poor and has to work for a living and therefore can not have at his disposal the hours fixed on Wednesdays and Saturdays.

The conflict was adjusted by the trial court. We do not know whether or not any evidence was examined. At any rate the transcript contains none. The court which regulated the family relations was the court that decreed the divorce and therefore was in a better position than is this court to weigh the facts. Under such circumstances it can not be held that the court abused its discretion. On the contrary, it must be presumed that in the exercise of its discretion the court took into account the law and the welfare of the children.

The order appealed from must be affirmed.

Mr. Justice Wolf concurred in the judgment.